## CROFTON, *Executor v.* ILSLEY.

Where judgment for costs was entered against an administrator respondent in an appeal from a decree of the Judge of Probate, without mention of his office, and debt was brought to recover the sum *de bonis propriis;* the court ordered the record to be amended, on terms, to stand as a judgment against the goods of the deceased in his hands.

Costs, reasonably incurred in a suit at law, are a proper charge for an administrator, against the estate in his hands.

THIS was an action of debt upon a judgment of this court for costs awarded to the plaintiff, on an appeal made by him from a decree of the Judge of Probate, who had refused probate of a will offered by

*Crofton*, the executor, purporting to be the will of *James Dunn*, on whose estate the defendant was administrator. See 4 *Greenl.* 134. After the final decree establishing the will, and thereby repealing the administration, the defendant settled his last account in the Probate office; in which he claimed no allowance for the costs awarded against him, they being left by statute in the discretion of the court, and he having had in fact no notice of the judgment. The entry of judgment was only "that the appellant recover his costs," taxed at a certain sum, no mention being made of the defendant's official capacity.

*Greenleaf*, for the defendant, now moved that the record be amended, by entering the judgment against the goods and estate of *Dunn* in his hands; on the ground that the costs, having been prudently incurred, were a proper charge against the estate.

*Daveis* and *Deblois*, e contra, denied the propriety of the charge; *Drinkwater v. Drinkwater*, 4 *Mass.* 354; and insisted that the court had already exercised its direction, by awarding costs; that here was nothing to amend by; and that the administration itself was merely void. 6 *Co.* 19; 1 *Dane's Abr.* 559, 561.

MELLEN C. J. Our opinion is that under the circumstances of this case there was good reason for the defendant to contest the claims of the present plaintiff before the Judge of Probate, and on the appeal; and that he ought not to be held responsible for the costs in his private capacity, or rather, out of his own estate. The court gave no special directions to the clerk as to the form of entering the judgment. As it now stands, he is liable; and should he be compelled to pay these costs, we think they would be a fair charge against *Dunn's* estate. At the same time, it is evident that if we order the entry of judgment to be corrected, according to the motion, there will be no judgment comporting with that on which the plaintiff has declared, and his action will thus be defeated, though it was properly commenced; and the defendant will be entitled to his costs. We have concluded, to avoid circuity of proceedings, and trouble and expense, to amend the record as proposed, provided the defendant will consent to a dismissal of the present action from the

7

docket. He will then be relieved from all danger from the judgment; and the plaintiff may charge all his costs, incurred in the prosecution of the appeal, and of this action, in his probate account.

*Action dismissed.*